**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MATTHEW STEFAN MORALES,** <br> **Petitioner,** | **CIVIL ACTION** |
| **v.** | |
| **MICHAEL CLARK, *et al.*,** <br> **Respondents.** | **NO.  19-4971** |

## <u>MEMORANDUM OPINION</u>

Petitioner Matthew Stefan Morales, who is currently serving a life sentence for first-degree murder in the Lancaster County Court of Common Pleas, has filed a Motion to Alter Judgment pursuant to Federal Rules of Civil Procedure 60(b) and (d).  For the reasons set forth below, it is beyond peradventure that his Motion is an unauthorized second or successive habeas petition over which this Court lacks jurisdiction to consider pursuant to 28 U.S.C. § 2244.  Thus, the motion shall be denied.

## I.   BACKGROUND[1]

In June 2014, Morales was involved in a verbal altercation with Xavier Garriga inside a convenience store in Lancaster County.  Garriga left the store on foot.  A few minutes later Morales drove off with a companion, Luis Fuentes.  Morales then spotted Garriga on the sidewalk, slowed his vehicle, rolled down the window, and fired three shots from a handgun that struck Garriga in the chest.  Garriga collapsed and died shortly thereafter.

 Morales was arrested, charged, and, after a four-day jury trial, convicted of first-degree murder.  He was then sentenced to a term of life imprisonment.  On direct appeal to the Superior

---

[1] The factual background and procedural history regarding Morales' conviction is set forth fully in the Report and Recommendation prepared by the Magistrate Judge in connection with Morales' Petition for a Writ of Habeas Corpus.  *See Morales v. Clark*, 2021 WL 7278923, at *1-7 (E.D. Pa. Nov. 15, 2021).  Accordingly, the Court outlines only the information necessary to place the instant Motion in context.

Court of Pennsylvania, Morales argued that: (1) the evidence presented at trial was insufficient to sustain his conviction; and, (2) the verdict was against the weight of the evidence. The Superior Court rejected both arguments, and Morales did not seek allowance of appeal to the Pennsylvania Supreme Court. He did, however, seek collateral relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), *see* 42 Pa. C.S. §§ 9541-9546, arguing that his trial counsel was ineffective for failing to: (1) object to the admissibility of certain evidence and testimony; (2) file a motion to suppress evidence seized pursuant to a search warrant; and, (3) call an expert witness to rebut testimony presented by the prosecution. The PCRA Court denied his petition— a decision which was affirmed by the Pennsylvania Superior Court. *See Commonwealth v. Morales*, 2019 WL 2323811, at *2-4 (Pa. Super. May 31, 2019)

After the Pennsylvania Supreme Court denied *allocator*, Morales filed a federal habeas petition pursuant to 28 U.S.C. § 2254, reiterating the ineffectiveness of counsel arguments that he had raised in his PCRA petition. The matter was assigned to a Magistrate Judge who issued a Report and Recommendation, in which she concluded that the Superior Court's resolution was reasonable. *See Morales*, 2021 WL 7278923, at *8-12. In so doing, she recommended denying Morales' habeas petition without an evidentiary hearing, stating: "[Morales] has neither demonstrated that any reasonable jurist could find this court's rulings debatable, nor shown denial of any federal constitutional right; hence, there is no probable cause to issue a certificate of appealability for any of his claims." *Id.* at *12. This Court approving and adopting the Report and Recommendation, denied Morales' habeas petition with prejudice, and determined that no probable cause existed to issue a certificate of appealability. *Morales v. Clark*, 2022 WL 622742, at *1 (E.D. Pa. Mar. 2, 2022).

## II.    LEGAL STANDARDS

### A.    Federal Rule of Civil Procedure 60

Federal Rule of Civil Procedure 60(b) states as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Rule 60(c), in turn, provides the timing within which a Rule 60(b) motion must be made: either within a year of the entry of order or judgment from which the motion seeks relief if the motion is made pursuant to Rule 60(b)(1), (2), or (3), or "within a reasonable time" if the motion is made under any other provision.  Fed. R. Civ. P. 60(c).

Separately, Rule 60(d)(1) permits courts to "entertain an independent action to relieve a party from a judgment, order, or proceeding."  Fed. R. Civ. P. 60(d)(1).  An independent action under Rule 60(d) is available only "to prevent a grave miscarriage of justice."  *Jackson v. Danberg*, 656 F.3d 157, 166 (3d Cir. 2011) (citing *United States v. Beggerly*, 524 U.S. 38, 47 (1998)).  To prevail, a petitioner must demonstrate: "(1) a judgment which ought not, in equity and good conscience, . . . be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the

3

judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law." *In re Machne Israel, Inc.*, 48 F. App'x 859, 863 n.2 (3d Cir. 2002) (citation omitted); *see also Ellerbe v. May*, 2024 WL 1050563, at *5 (D. Del. Mar. 11, 2024) (applying framework).

### B.    Second or Successive Habeas Petitions

When presented with a Rule 60(b) motion, a court should also consider whether said motion is instead "a disguised second or successive" habeas petition. *United States v. Doe*, 810 F.3d 132, 151 (3d Cir. 2015). That is because a petitioner cannot circumvent the strict gatekeeping mechanisms established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *see* 28 U.S.C. § 2244(b), simply by labeling the petition or motion as one brought under Rule 60(b). *See Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 442 (3d Cir. 2021) (explaining that a habeas petitioner "cannot use Rule 60(b) to sidestep an application of AEDPA's gatekeeping mechanism."). To that end, AEDPA mandates, in relevant part, that before a state prisoner may file a second or successive habeas petition in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain a certificate of appealability from the appropriate court of appeals authorizing the district court to consider the application. *See* 28 U.S.C. § 2244(b)(3)(A); *Bracey v. Superintendent Rockview SCI*, 986 F.3d 274, 282 (3d Cir. 2021) (detailing framework). In the absence of any such authorization, district courts lack jurisdiction to consider the second or successive petition. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007).

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court held that a Rule 60(b) motion must be construed as a "second or successive" habeas petition when a petitioner advances one or more "claims"—specifically by: (1) seeking to "add a new ground for relief" that could have been asserted in a prior habeas petition; or, (2) attacking "the federal court's previous

4

resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* at 532 (emphasis added). The Third Circuit later clarified that a motion collaterally attacking the validity of an underlying state court conviction—including any challenges to various evidentiary rulings made during the state proceedings—is a "second or successive" habeas petition, and thus is not properly brought under Rule 60(b). *See Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004); *see also Gonzalez v. Smith*, 2023 WL 3767735, at *5 (E.D. Pa. June 1, 2023) (collecting cases).

That said, a petitioner brings a true Rule 60(b) motion when he identifies "some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532. So, for instance, if the motion "asserts that a previous ruling . . . precluded a merits determination," including "denial[s] for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar," it is not a second or unauthorized habeas petition and therefore can be analyzed under Rule 60(b). *Id.*; *see also Bracey v. Superintendent Rockview SCI*, 986 F.3d 274, 282 (3d Cir. 2021) ("*Gonzalez* used 'the merits' to distinguish a 'true Rule 60(b) motion' attacking a procedural defect from a disguised successive habeas petition attacking the substantive resolution of a habeas claim." (citation omitted)).

Finally, "[a]lthough the Third Circuit has not expressly addressed the applicability of the second or successive bar with respect to Rule 60(d) motions, several circuit courts have held that the AEDPA . . . rule applies regardless of whether the motion is filed under Rule 60(b) or Rule 60(d)." *Ellerbe* 2024 WL 1050563, at *2 (citing *Johnson v. Davis*, 746 F. App'x 375, 380 (5th Cir. 2018); *Christian v. Thomas*, 982 F.3d 1215, 1221 n.5 (9th Cir. 2020); *Yellowbear v. Hill*, 859 F. App'x 295, 299 (10th Cir. 2021); and, *Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d

1253, 1277 n.11 (11th Cir. 2004)).

### III.    DISCUSSION

Here, Morales raises two arguments that, in his view, entitle him to relief pursuant to Rules 60(b)(6) and (d).  But because Morales previously filed a federal habeas petition, the threshold question is whether the instant Motion is a true Rule 60 motion or is, instead, "a disguised second or successive" petition.  *Doe*, 810 F.3d at 151 (3d Cir. 2015); *Anariba*, 17 F.4th at 442.

Taking each argument in turn, Morales first asserts that he is entitled to a new trial due to several errors purportedly committed by the trial court, his trial counsel, and the prosecution in the underlying state court proceedings.  Specifically, he contends that: (1) the trial court erred by permitting testimony from a laboratory technician about a test he did not conduct as well as by designating several of the prosecution's witnesses as experts—both of which, he says, violated the Confrontation Clause of the Sixth Amendment; (2) his trial counsel was ineffective for failing to object to those expert designations; and, (3) the prosecution committed reversible error under the Due Process Clause of the Fourteenth Amendment by offering an undisclosed plea deal to Fuentes—the individual in Morales' vehicle at the time Garriga was shot—in exchange for Fuentes' trial testimony against Morales.

However, those claims all attack the validity of the underlying *state court judgment*, as opposed to some procedural defect in the resolution of his *federal habeas petition*.  For that reason alone, Morales' first argument must be construed as an unauthorized second or successive habeas petition.  *See Pridgen*, 380 F.3d at 727; *see also Gibson v. Beard*, 2019 WL 6907399, at *4-5 (E.D. Pa. Dec. 19, 2019) ("When viewing [Petitioner's] moving papers, it is clear he is attempting to challenge his underlying state court conviction.  Specifically, he contends his conviction should be overturned because of alleged 'fraud committed in the State Court

proceedings.' . . . [Those] claims render [Petitioner's] Rule 60(b) motion a successive habeas petition 'because they attack his underlying conviction rather than a procedural defect in a prior habeas proceeding.'" (quoting *United States v. Morgan*, 2018 WL 3618251, at *5 (E.D. Pa. July 27, 2018))); *Bentley v. Harlow*, 2022 WL 1265527, at *4 (E.D. Pa. Apr. 28, 2022) ("[Petitioner's] assorted Brady claims attack the validity of his criminal proceeding, as opposed to an alleged defect in the habeas proceeding. . . . Therefore, the motion must be construed as an unauthorized second or successive habeas petition to the extent that in it he is challenging his judgment of sentence."); *Gonzalez*, 2023 WL 3767735, at *5 ("The remainder of the issues [Petitioner] raises also fail to meet the Rule 60(b)(3) standard because they are alleging fraud in state court proceedings, not fraud on the habeas federal court.  In other words, [Petitioner] is alleging that his state criminal conviction was obtained through fraudulent means, but he does not allege that federal habeas counsel or opposing counsel, the District Attorney's office, perpetuated fraud during his habeas proceedings in federal court.  For this reason alone, Gonzalez's Rule 60(b)(3) motion is a successive petition and must be denied.").  And in the absence of authorization from the Third Circuit to file a second or successive petition, this Court lacks jurisdiction to consider those claims.  *See Burton*, 549 U.S. at 152.

Next, Morales contends that the Magistrate Judge erred by failing to "review[] the facts in [Morales'] case for actual factual innocence without reference to the procedural barriers which do not apply to cases involving new evidence of actual innocence."  But Morales did not bring a claim of actual innocence in that petition, let alone refer therein to any newly discovered evidence.  Rather, he merely challenged the Superior Court's resolution of the various ineffectiveness claims he brought in his PCRA petition—which protest the Magistrate Judge carefully and thoroughly examined without invoking any procedural barriers that precluded

review.  *See Morales*, 2021 WL 7278923, at *8-12; *cf. Gonzalez*, 545 U.S. at 532; *Bracey*, 986 F.3d at 282.

So, generously construing the instant Motion, Morales is both: (1) seeking to "add a new ground for relief"—an actual innocence claim—that he could have asserted in his first habeas petition; and, (2) relitigating the ineffectiveness claims, which the Magistrate Judge previously resolved on the merits.  *See Gonzalez*, 545 U.S. at 531-32.  In both instances, the Supreme Court has instructed courts to treat the "pleading, although labeled a Rule 60(b) motion," as a "successive habeas petition."  *Id.* at 531; *see also Leak v. Clark*, 2022 WL 4237487, at *3 (E.D. Pa. Sept. 14, 2022) ("[Petitioner] indicates in his Motion that he seeks relief on the basis of Rule 60(b)(6).  However, it is clear to the Court that [Petitioner] is actually raising new, previously unasserted habeas claims and/or attempting to relitigate the merits of his prior claim regarding the admission of the complaining witness's medical records.  [Petitioner] is attacking his conviction based upon theories he could have raised in his § 2254 petition.  Therefore, the Motion must be construed as an unauthorized second or successive habeas petition . . . ."); *Bleau v. Vaughn*, 2020 WL 3266031, at *3 (E.D. Pa. June 16, 2020) ("Although he attempts to characterize his Motion as procedural, [Petitioner] is seeking to pursue new habeas claims based on evidence he discovered in 2017, long after his habeas petition was denied.  Because [Petitioner] has not received authorization from the Court of Appeals to file another federal habeas petition to attack his judgment of sentence, the Court lacks jurisdiction to consider his new claims.").  Accordingly, as with his first argument, this Court lacks jurisdiction to entertain Morales' Motion in this respect.  *See Burton*, 549 U.S. at 152.

**IV.    CONCLUSION**

For the foregoing reasons, Petitioner's Motion shall be denied.  An appropriate order

follows.

                                                   **BY THE COURT:**

                                                   **S/ WENDY BEETLESTONE**

                                                   **WENDY BEETLESTONE, J.**